THOMAS O'CONNELL, Appellant, v. LILLIAN B. MASON, Respondent.— The complaint was for the services of plaintiff as a broker in finding a pur-

---

* See Soldiers' and Sailors' Civil Relief Act (40 U. S. Stat. at Large, 444), § 302.— [REP.

chaser for the defendant's premises. It alleged that the services were performed intermediate the 19th day of May, 1916, and the 7th day of June, 1917. As a matter of fact the negotiations that led up to the execution of the lease of the premises were had on the 18th day of May, 1916. This variance in time is immaterial. According to plaintiff's testimony, his agreement with defendant was that if the sale of the property should result from the leasing he should be paid a commission of five per cent, and the written contract between defendant and the lessee is competent by way of admission, as evidence of the agreement between plaintiff and defendant to this effect. The question should have been submitted to the jury as to whether plaintiff procured the sale of the property. Judgment reversed and new trial granted, costs to abide the event. Mills, Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.